**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VICTOR WAYNE STEAVESON,

      Defendant-Appellant.

No. 07-6059

(D.C. No. CR-06-155-H)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Victor Steaveson was convicted by a jury of conspiracy to commit

access device fraud, in violation of 18 U.S.C. § 371, and aggravated identity theft, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 18 U.S.C. § 1028A(a)(1), in connection with his participation in a counterfeit check operation. Following the district court's entry of judgment, Steaveson filed an appeal challenging the propriety of his aggravated identity theft conviction. After briefing in this appeal was complete, but prior to oral argument, this court issued its decision in United States v. Tatum, — F.3d —, 2008 WL 554818 (10th Cir. Mar. 3, 2008), holding that counterfeit checks and account numbers printed on counterfeit checks are not "access devices" within the meaning of that term as defined in 18 U.S.C. § 1029(e)(1). The United States has now filed a motion conceding that, in light of Tatum, Steaveson was not charged with a cognizable federal offense. Specifically, the government concedes "that since counterfeit checks are not access devices for purposes of 18 U.S.C. § 1029, Steaveson should not have been charged with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 and such charge could not be a predicate offense for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1)." Motion for Remand at 2. As a result, the United States seeks a remand of Steaveson's case with directions to vacate his convictions. After examining the record on appeal in this case, we agree with the government's assessment of Tatum and its effect upon Steaveson's convictions.

Accordingly, we GRANT the government's motion and REMAND this case to the district court with directions to VACATE Steaveson's convictions and sentence and DISMISS the case against him.

Entered for the Court


Mary Beck Briscoe
Circuit Judge